In re Petition for DISCIPLINARY ACTION AGAINST Ronald Lyle KOPESKA, a Minnesota Attorney, Registration No. 5754X.

No. A07–2152.

Supreme Court of Minnesota.

March 20, 2008.

### ORDER

On December 7, 2007, this court suspended respondent from the practice of law for a period of 90 days. Respondent has filed an affidavit stating that he has fully complied with the terms of the suspension order, save for successful completion of the professional responsibility portion of the state bar examination, and requests reinstatement. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent Ronald Lyle Kopeska is conditionally reinstated to the practice of law in the State of Minnesota, subject to his successful completion of the professional responsibility portion of the state bar examination by December 7, 2008. Respondent is placed on two years of supervised probation, pursuant to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with the probation and shall promptly respond to the Director's correspondence by its due date. Respondent shall provide to the Director a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Rules of Professional Conduct.

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Re-

spondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date of filing of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor in his or her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(e) If respondent, or any entity in which respondent has an ownership interest or serves as an officer or director, intends to enter into a business transaction with one of respondent's clients, respondent shall notify the Director and submit the terms of the transaction to the Director for review in order to ensure respondent's compliance with Minn. R. Prof. Conduct 1.8(a).

BY THE COURT:

/s/Alan C. Page
Associate Justice